[No. H015451. Sixth Dist. Jan. 23, 1997.]

In re SARA H., a Person Coming Under the Juvenile Court Law.
SANTA CLARA COUNTY DEPARTMENT OF FAMILY AND
CHILDREN'S SERVICES, Plaintiff and Respondent, v.
CARMELLA R., Defendant and Appellant.

**COUNSEL**

Carole Greeley, under appointment by the Court of Appeal, for Defendant and Appellant.

Steven Woodside, County Counsel, and Jeffrey Bryson, Deputy County Counsel, for Plaintiff and Respondent.

George Kennedy, District Attorney, and Robert Masterson, Deputy District Attorney, for Minor.

**OPINION**

**MIHARA, J.**—Appellant's parental rights to her daughter Sara H. were terminated by the juvenile court after a hearing held pursuant to Welfare and Institutions Code section 366.26. Her trial counsel filed a timely notice of appeal on her behalf. An appellate attorney was appointed to represent

appellant on appeal. This attorney reviewed the entire record and filed an opening brief which states the facts and various standards of review but does not specify any errors or make any arguments as to any appellate issues. Instead, this appellate attorney has filed a brief "pursuant to *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]" which "requests this court to independently review the entire record on appeal in this case to determine whether any arguable appellate issues exist." The attorney acknowledges that the California Supreme Court has held in *In re Sade C.* (1996) 13 Cal.4th 952 [55 Cal.Rptr.2d 771, 920 P.2d 716] (hereafter *Sade*) that, as she puts it, "Wende review is not required in dependency cases." However, she claims that *Sade* "did not hold that Wende review is never appropriate in dependency cases" but "merely" that "the court of appeal has discretion to deny Wende review . . . ." She asks "this court to exercise its discretion to grant review in this case since there were errors below and since the case has the severe consequence of termination of parental rights of parents who have never harmed their child in any way."[1] Although she asserts that "there were errors below," she does not enumerate any errors. We dismiss the appeal.

## ANALYSIS

■ Appellant's contention that *Sade* left the door open for "discretionary" independent review is contrary to the rationale of *Sade* and is not supported by any authority. *Sade* involved an appeal from an order terminating parental rights. (*Sade, supra,* 13 Cal.4th at p. 961.) The appellant in *Sade* was the father of a child removed from the mother's custody at the age of four days after a premature birth following exposure to the intrauterine effects of the mother's cocaine usage. (*Sade, supra,* at p. 960.) An appellate attorney was appointed to represent the father on appeal, and the attorney filed a brief which asked the appellate court to "independently review the entire record on appeal" pursuant to *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]. (*Sade, supra,* at pp. 961-962.) The Court of Appeal dismissed the father's appeal on its own motion "as abandoned," and the California Supreme Court granted review and affirmed. (*Sade, supra,* at p. 965.)

The California Supreme Court very clearly held in *Sade* that the underlying basis for *Wende*'s "independent review" procedure was *not applicable* to dependency appeals and *should not be extended* to apply to dependency appeals. (*Sade, supra,* 13 Cal.4th at pp. 981-994.) The California Supreme

---

[1]Appellant also asserts that *Sade* is not yet final. The California Supreme Court's decision in *Sade* is final and was final at the time appellant's opening brief was filed. Appellant's assertion that *Sade* is not final is simply incorrect.

Court concluded that the Court of Appeal's dismissal of the father's appeal "as abandoned" was not erroneous because the underlying judgment was presumed correct and, in the absence of a claim of error, ". . . the Court of Appeal was presented with no reason to proceed to the merits of any unraised 'points'—and, a fortiori, no reason to reverse or even modify the orders in question." (*Sade, supra,* at p. 994.)

Appellant's assertion in her opening brief here appears to arise from the California Supreme Court's statement in *Sade* that "[i]f [the appellant] does not [raise issues], he *may, in the court's discretion,* be deemed to have abandoned his appeal . . . [and] it *may* order dismissal." (*Sade, supra,* 13 Cal.4th at p. 994, italics added.) Her assertion that this court has the discretion to conduct an independent review of the record in this case, in the absence of a brief making any assertions of error, is incorrect. In our view, the California Supreme Court's reference to the Court of Appeal's discretion was only in regard to whether the appeal should be *dismissed as opposed to affirmed.* We can find nothing in *Sade* which suggests that, in the absence of the applicability of the *Wende* procedure, there is a similar *discretionary* review procedure which is applicable to dependency appeals in which the appointed attorney makes no assertions of error in his or her opening brief.

A Court of Appeal could not exercise its discretion in any meaningful way without conducting an independent review of the record. A brief in a dependency appeal which states only the facts and makes no assertions of error does not provide an appellate court with an adequate basis for deciding which cases merit independent review and which cases do not. Since a review of the record would be necessary in order to determine whether the court's discretion should be invoked, the court would necessarily be required to conduct an independent review of the record in every case. It is impossible to conceive of a procedure by which an appellate court could decide which cases merited discretionary review without first looking at the record. *Sade* clearly disapproved of such a procedure. The California Supreme Court reasoned that dependency appeals did not merit independent review because, among other things, "[w]hatever the benefits in ensuring that appointed appellate counsel conduct themselves as active advocates . . . the costs are greater." (*Sade, supra,* 13 Cal.4th at p. 993.) The swift conclusion of dependency appeals was found to be such an important goal that it outweighed the potential harm which could arise from the small possibility that an appellate attorney who had been appointed to represent a party in a dependency appeal and failed to find any basis for the appeal would have, in doing so, failed to provide adequate representation to his or her client.

If, instead of applying the *Wende* procedure in dependency appeals, we were obligated to "discretionarily" apply a similar procedure, the conclusion

of dependency appeals would be delayed in precisely the same manner as such appeals would be delayed by the utilization of the *Wende* procedure. The rationale of *Sade* precludes such a result. Because neither appellant nor her appellate attorney has made any assertions of error, we conclude that they have implicitly abandoned the appeal and dismissal is the appropriate disposition.

### DISPOSITION

The appeal is dismissed.

Elia, Acting P. J., and Wunderlich, J., concurred.